## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LEE BRYANT,

    Plaintiff,

v.

Case Number: _____

AMERICAN BUILDERS SUPPLY, INC.,

    Defendant.

_____/

## **COMPLAINT & JURY DEMAND FOR JURY TRIAL**

1. Plaintiff, Lee Bryant, sues Defendant, American Builders Supply, Inc., for violating the Family Medical Leave Act. This is action for an amount that exceeds $145,760.10, exclusive of attorney's fees, interest, and costs.

### Parties and Jurisdiction

2. Plaintiff is a resident of Hillsborough County, Florida.

3. Defendant is a for profit corporation headquartered in Seminole County, Florida.

4. Defendant is incorporated in Seminole County, Florida.

5. Defendant operates and maintains an insurance company in Hillsborough County, Florida.

6. Defendant conducts business in among other places, Hillsborough County, Florida.

7. Defendant employed Plaintiff in its offices located in Hillsborough County, Florida.

8. Defendant is an employer as defined by the Family and Medical Leave Act ("FMLA").

9. Defendant employs more than fifty (50) persons within a seventy-five (75) mile radius of its headquarters located in Hillsborough County, Florida.

10. The Court has jurisdiction as the unlawful employment practices took place in Hillsborough County, Florida.

11. This civil action is premised upon violations of the FMLA.

## Factual Allegations

12. On or about October 21, 2015, Defendant hired Plaintiff as a lineman in Defendant's Hillsborough County, Florida facility.

13. Plaintiff was employed by Defendant as a full-time employee and worked more than 1,250 hours during each year of his employment with Defendant.

14. On or about December 9, 2021, Plaintiff informed his general manager, Harrel Thompson, that Plaintiff was going to a medical facility for treatment for substance abuse.

15. On December 21, 2021, Plaintiff called Defendant and informed Defendant that he needed immediate medical treatment and would need to check into a medical treatment facility due to his serious health condition.

16. On December 22, 2021, Plaintiff was admitted into Riverside Recovery, a medical treatment center for substance abuse.

17. On December 22, 2021, at 3:42 PM, Mr. Steve Eckstein of Riverside Recovery called Defendant to inform Defendant of Plaintiff's admission to the treatment center.

18. Mr. Eckstein left a voicemail for Defendant's human resources representative, Ms. Cynthia. In the voicemail, Mr. Eckstein informed Defendant that Plaintiff had been admitted into the medical treatment center and requested a call back.

19. Ms. Cynthia never returned Mr. Eckstein's call.

20. On December 24, 2021, Riverside Recovery contacted Defendant and left a voicemail informing Defendant that Plaintiff had been admitted into the medical treatment center and requested a call back.

21. Defendant did not return Riverside Recovery's call.

22. On December 27, 2021, Riverside Recovery contacted Defendant and left a voicemail informing Defendant that Plaintiff had been admitted into the medical treatment center and requested a call back.

23. Defendant did not return Riverside Recovery's call.

24. On December 28, 2021, at 3:04 PM, Riverside Recovery contacted Defendant's Sanford location to inform Defendant that Plaintiff had been admitted into the medical treatment center and requested a call back.

25. Defendant did not return Riverside Recovery's call.

26. On December 29, 2021, Riverside Recovery contacted Defendant's Sanford location to inform Defendant that Plaintiff had been admitted into the medical treatment center and requested a call back.

27. Defendant did not return Riverside Recovery's call.

28. On December 30, 2021, Riverside Recovery contacted Defendant's Sanford location to inform Defendant that Plaintiff had been admitted into the medical treatment center and requested a call back.

29. Defendant did not return Riverside Recovery's call.

30. On January 3, 2022, at 10:00 AM, Riverside Recovery contacted Defendant's headquarters and was finally provided with an email

address for Defendant. Riverside Recovery then sent an email to Defendant informing Defendant that Plaintiff was in a medical treatment facility.

31. On January 3, 2022, at 10:22 AM, Plaintiff received a FMLA leave request form from Defendant's FMLA administrator that was to be completed by Plaintiff's medical provider. Plaintiff's medical provider immediately completed the form and indicated that Plaintiff would be able to return to work on February 3, 2022. Plaintiff's medical provider also indicated that Plaintiff was currently undergoing inpatient treatment due to a serious medical condition.

32. On January 3, 2022, at 10:23 AM, Riverside Recovery emailed Jessica Gutierrez, Defendant's human resources generalist, and informed Ms. Gutierrez that Plaintiff had been admitted into a medical treatment center and requested FMLA paperwork.

33. On January 3, 2022, at 10:41 AM, Riverside Recovery received a voicemail from Ms. Gutierrez who requested a phone call regarding Plaintiff.

34. On January 3, 2022, at 11:00 AM, Riverside Recovery contacted Jessica and informed her that Plaintiff had been admitted into a medical treatment facility and would be undergoing in patient treatment until February 3, 2022.

35. On January 3, 2022, at 1:48 PM, Plaintiff faxed the completed FMLA leave request form to Defendant's FMLA administrator.

36. On January 6, 2022, Riverside Recovery contacted Ms. Gutierrez to confirm the dates of Plaintiff's treatment.

37. On January 7, 2022, Defendant contacted Plaintiff to inform Defendant that Plaintiff had been terminated.

38. Defendant is a knowledgeable and sophisticated employer regarding the FMLA.

39. Defendant did not want Plaintiff to take a second FMLA leave because Plaintiff took FMLA leave in June 2021.

40. Defendant terminated Plaintiff's employment in order to prevent Plaintiff from taking FMLA leave.

41. Defendant terminated Plaintiff within weeks of Plaintiff informing Defendant of his need for medical leave under FMLA.

42. Plaintiff was eligible to take FMLA leave in December 2021 when he informed Defendant of his need for FMLA leave.

43. Defendant was obligated to grant Plaintiff's FMLA lave request.

44. Defendant willfully terminated Plaintiff's employment in order to prevent Plaintiff from taking leave under FMLA.

45. Prior to Plaintiff informing Defendant that Plaintiff needed FMLA leave, Defendant did not advise or otherwise indicate to Plaintiff that Plaintiff's employment was in danger or that Plaintiff was at risk of losing her job. Otherwise stated, Plaintiff had no reason to fear for his job immediately prior to informing Defendant that he needed FMLA leave, and Plaintiff had no reason to believe he would be terminated by Defendant.

46. At all material times, Defendant employed at least 50 employees within a 75-mile radius of its headquarters 2801 Airport Road, Sanford, Florida 32771.

47. The FMLA requires qualifying employers with at least 50 employees within a 75-mile radius to provide up to 12 weeks of job-protected leave to full-time employees who are suffering from a serious health condition. Covered employers are prohibited from denying, interfering with, or taking retaliatory measures in connection with an employee's rights under the FMLA.

48. Defendant intentionally interfered with Plaintiff's FMLA rights by terminating Plaintiff in violation of FMLA.

49. Plaintiff has suffered damages as a result of Defendant's actions, including but not limited to back pay, front pay, costs, attorney's fees and liquidated damages.

50. Defendant is a sophisticated employer with a human resources department that is well versed in the FMLA.

51. When Defendant terminated Plaintiff, Defendant knew that Plaintiff had been admitted to a medical treatment facility due to a serious medical condition.

52. Defendant acted in reckless disregard of its duties under the FMLA. Rather than granting Plaintiff's FMLA leave request, Defendant terminated Plaintiff with extreme prejudice in order to avoid its obligations under the FMLA.

53. Defendant did not have a legitimate reason to interfere with Plaintiff's rights and Defendant violated the FMLA by terminating Plaintiff for advising Defendant, in good faith, that she was pregnant and desiring to request another leave.

## COUNT I- FMLA INTERFERENCE

54. Plaintiff hereby reincorporates all paragraphs 1-53 herein and states as follows.

55. Plaintiff was employed by Defendant.

56. Plaintiff was a full-time employee who regularly worked more than 1,250 hours per calendar year of her employment.

57. Defendant employs more than 50 employees within a 75-mile radius of its Seminole County, Florida headquarters.

58. Defendant employs more than 50 employees within a 75-mile radius of its Hillsborough County, Florida location.

59. Plaintiff was an employee who was eligible to take FMLA leave.

60. Defendant is a covered employer as defined by the FMLA.

61. Plaintiff was entitled to take FMLA leave due to his serious medical condition which required inpatient treatment.

62. Plaintiff put Defendant on notice of her intention to take FMLA.

63. Plaintiff was denied FMLA leave to which she was entitled.

64. Defendant terminated Plaintiff's employment to avoid granting Plaintiff FMLA leave.

65. Defendant would not have terminated Plaintiff if he did not seek leave under the FMLA.

66. Defendant then terminated Plaintiff because Plaintiff sought leave under the FMLA

67. Plaintiff demands trial by jury.

## **COUNT II- FMLA RETALIATION**

68. Plaintiff hereby reincorporates all paragraphs 1-53 herein and states as follows.

69. Plaintiff was employed by Defendant and suffered from a serious medical condition during his employment.

70. Plaintiff informed Defendant of his intention to take FMLA due to his serious medical condition and admission to a medical treatment facility.

71. Plaintiff's notice to Defendant that he desired to take FMLA leave was a protected activity.

72. Defendant terminated Plaintiff's employment following Plaintiff's notice that he intended to take FMLA leave.

73. Defendant terminated Plaintiff's employment in order to prevent Plaintiff from taking job protected FMLA leave.

74. If Plaintiff would not have FMLA leave, Defendant would not have terminated Plaintiff's employment.

WHEREFORE, Plaintiff demands judgment for damages against Defendant together with back pay, front pay, reinstatement, interest, liquidated damages, costs and attorney's fees and other relief permitted by law.

DATED this 30th day of June, 2022.

**Respectfully,**

<u>/S/ Kyle J. Lee</u>
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com